UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL MELENDEZ<br><br>PLAINTIFF,<br><br>- against –<br><br>PRONTO GAS HEATING SUPPLIES INC. AND<br>TITO DEMARINIS<br><br>DEFENDANTS. | Case No.<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, Angel Melendez ("Plaintiff"), by and through his undersigned attorneys, hereby files this Complaint against Defendants Pronto Gas Heating Supplies Inc. ("Pronto") and Tito DeMarinis ("DeMarinis") (collectively "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendant: all statutory damages including (1) wages (2) unpaid overtime, (3) liquidated damages, (4) pre-judgment interest, (5) post judgment interest and (6) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL") Article 6 §§190 et seq., Article 7 §§ 200 et seq., Article 19 §§650 et seq. and 12 New York Rules and Regulations Part 146 that he is entitled to recover from Defendant: all legally permissible damages including (1) wages (2) unpaid overtime, (3) unpaid spread of hours premium, (4) liquidated damages, (5) pre-judgment interest, (6) post judgment interest and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §2l6(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff Angel Melendez is a natural person and resident of Queens County, New York.

6. Defendant Pronto is a domestic business corporation organized under the laws of New York which accepts service at 181 Chrystie Street, New York, NY 10002.

7. Defendant DeMarinis is a natural person and resident of New York State.

8. Upon information and belief, at all times, Defendant Pronto, had gross annual revenues in excess of $500,000.00.

9. At all times relevant to this action, Angel Melendez was an "employee" covered by the NYLL and FLSA. Defendants were "employers" as those terms are defined by New York Labor Law §§ 651(5) and (6) and applicable regulations, 12 N.Y.C.R.R. § 142-2.14.

## STATEMENT OF FACTS

10. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(s), 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 203(e), 206(a) and 207 (a).

11. Defendant Pronto is a business which provides brand name heating equipment, heating products, and replacement parts. Many clients build or service heating equipment for buildings located in the New York City area.

12. Defendant Demarinis is the owner of Defendant Pronto.

13. Defendant Demarinis determined the hours worked by Angel Melendez.

14. Defendant Demarinis determined Angel Melendez's rate of pay.

15. Defendant Demarinis determined whether Angel Melendez was able to receive overtime pay for all hours worked in excess of 40 hours per week.

16. Defendant Demarinis authorized a pay raise for Angel Melendez in or around June 2017.

17. Defendant Demarinis is responsible for hiring and firing employees. Defendant Demarinis hired and subsequently fired Angel Melendez.

18. Angel Melendez worked for Defendant Pronto from March 2013 through August 3, 2020.

19. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

20. Angel Martinez was initially hired to deliver heating equipment and supplies to Defendant Pronto's customers.

21. Angel Melendez was given increasing responsibility. By the end of 2013, Tito DeMarinis authorized Angel Melendez to deliver merchandise and to also sell merchandise to customers.

22. In or about May 2017, Tito Demarinis transferred Angel Melendez to a Defendant Pronto store located at 681 E. 136th Street, Bronx, NY.

23. In or about May 2017, Angel Melendez' responsibilities included opening the store, closing the store, selling merchandise to customers, keeping track of inventory and from time to time delivering merchandise to customers.

24. From in or about May 2017 until August 3, 2020, Angel Melendez worked with only one other person inside of the store located at 681 E. 136th Street.

25. The work performed by Plaintiff was non-exempt as defined by the FLSA, NYLL and implementing regulations.

26. The store hours were form 7:00 AM to 5:00 PM Monday through Friday and 8:00 AM through 2:00 PM on Saturday.

27. Tito Demarinis required Angel Melendez to arrive at work 30 minutes before the store opened and leave 15 minutes after the store closed.  During this time Angel Melendez was required to prepare the store for customers.

28. Angel Melendez worked from 6:30 AM to 5:15 PM Monday through Friday for a total of 10.75 hours per day.  Angel Melendez worked no less than 53.75 (10.75 X 5) hours per week in the store.

29. Angel Melendez worked from 7:30 AM to 2:15 PM on alternate Saturdays for a total of 6.75 hours per Saturday, for an average of 3.375 hours per week.

30. Defendants' business was seasonal and was busy when it was cold outside.  The busy season occurred between October 1st and March 31st.  The offseason was April 1st through September 30th.

31. During the busy season, Angel Melendez kept the store open longer in order to accommodate customers who were running late or had an emergency.  Angel Melendez worked no less than three times a week for up to 1 hour and 15 minutes each time for a of 3.75 hours per week.

32. During the off season, Angel Melendez kept the store open longer in order to accommodate customers who were running late or had an emergency.  Angel Melendez worked up to two times (2) a month for up to 1 hour and 15 minutes each time, which converts to .625 hours per week.

33. During the busy season, Angel Melendez delivered merchandise in order to accommodate customers who were running late or had an emergency.  Angel Melendez delivered merchandise in this fashion up to three (3) times a month.  Angel Melendez worked no

4

less than five (5) hours each month delivering merchandise, which converts to 1.25 hours per week.

34. During the off season, Angel Melendez delivered merchandise in order to accommodate customers who were running late or had an emergency.  Angel Melendez delivered merchandise in this fashion no less than one (1) time a month.  Angel Melendez worked no less than two (2) hours each month delivering merchandise, which converts to .5 hours per week.

35. Tito Demarinis required and directed Angel Melendez to keep the store open and deliver merchandise to customers.

36. During the busy season Angel Melendez worked no less than 62.125 hours per week. (53.75 + 3.375 + 3.75 + 1.25)

37. During the off-season Angel Melendez worked no less than 58.25 hours per week. (53.75 + 3.375 + .625 + .5)

38. Angel Melendez' hourly rate $25.00 per hour for the time period 2013 through June 2017.

39. Angel Melendez' hourly rate $27.50 per hour for the time period June 2017 through August 2020.

40. Defendants paid Angel Melendez a fixed amount each week with little regard for the number of hours worked in excess of 40 hours per week.

41. Angel Melendez was paid time and a half during the store's hours of operations on Saturdays, which were 8:00 AM through 2:00 PM and not for all the hours he was working when the store was not open for business.

42. Angel Melendez was not paid at all for arriving to the store before it opened and closing the store after business hours.

43. Defendants occasionally paid overtime whenever Angel Martinez stayed in the store to accommodate customers or delivered merchandise to customers.

44. Defendant DeMarinis was aware of the hours that Angel Martinez worked.  By way of example, Defendant DeMarinis knew that Angel Martinez regularly worked before or after the store's hours of operation.  Additionally, Defendant DeMarinis would instruct Angel Martinez to open the store for a customer or deliver merchandise to a customer.

45. Defendants had a policy and practice of discouraging employees from requesting payment for working overtime.

46. Defendant DeMarinis on a number of occasions during the relevant time period stated in sum and substance "It's not fair for you to request overtime; I pay you when you miss work due to doctor appointments; I pay you for the day if you are sick; If you come in late or leave early, I will still pay you for it; the least you can do is not put in for overtime hours; I will take care of you raise; I will take care of you."

47. Tracey DeMarinis, Defendant DeMarinis' wife and bookkeeper, on a number of occasions during the relevant time period stated in sum and substance "why are you putting in all of this overtime.  If you need to leave early, I will let you leave early later that week.  Do not put in too much overtime.  I don't think it is fair, we pay you when you take sick time off.  Things are slow, the least you can do is work and not put in for overtime."

48. Angel Martinez asked to be paid overtime hours.

49. On August 3, 2020, Tito DeMarinis terminated Angel Melendez.

50. Angel Martinez has been looking for work since his termination.

51. Angel Melendez has had interviews that went well.

52. Potential employers contacted Tito DeMarinis and Tracey DeMarinis.

53. Upon information and belief, Tito DeMarinis and Tracey DeMarinis told potential employers that Angel Melendez was a thief, who was not eligible to be rehired.

54. As of the filing of this complaint, Angel Melendez has not found new employment.

55. The work performed by Plaintiff required only a minuscule amount of discretion or independent judgment.

6

56. Plaintiff was neither responsible for, nor allowed to make, relevant decisions regarding policy, procedures, or protocol.

57. Plaintiff was subject to the control, policies, and procedures of Defendant in making decisions in the course of his employment.

58. Plaintiff was and is entitled to be paid for all hours he worked for Defendant.

59. Plaintiff is entitled to be paid (i) at his regular rate of pay for all hours worked less than forty (40) in a week, and (ii) the greater of one and half times the minimum wage or his regular rate of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to the FLSA and NYLL and implementing regulations.

60. Defendant failed to pay Plaintiff an extra hour of pay at the minimum wage rate for each day that his workday ended more than ten (10) hours after it began (spread of hours pay), as required by the NYLL and its implementing regulations.

61. Defendant failed to give Plaintiff a written notice of his regular hourly pay rate, overtime hourly pay rate, the amount of tip credit as required by the FLSA and NYLL and the implementing regulations.

62. Defendant failed to give Plaintiff a written notice of any credits as required by the NYLL and the implementing regulations.

63. Defendants are not entitled to any credits to the minimum wage.

64. Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

65. Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions, and net wages.

66. At all relevant times, Defendants failed to post and/or keep posted in places regularly assessable to Plaintiff "notices issued by the Department of Labor about wage and hour

laws, tip appropriations, illegal deduction provisions and any other labor laws that the Commissioner shall deem appropriate," in violation of 12 N.Y.C.R.R. §146-2.4.

67. Defendant's posting, wage statement, and notice violations prevented Plaintiff from knowing his legal rights and from figuring out exactly how many hours for which he was not compensated.

## **FIRST CAUSE OF ACTION**
### **Fair Labor Standards Act**
### **Failure to Pay Minimum Wage**

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants were required to pay directly to Plaintiff the applicable federal minimum wage for all hours worked.

70. The minimum wage provisions set forth in FLSA and the supporting federal regulations apply to Defendants and protect Plaintiff.

71. Defendants failed to properly disclose or apprise Plaintiff of employee rights under the FLSA.

72. Defendants willfully violated the FLSA by failing to pay the minimum wage and/or overtime, a three (3) year statute of limitation applies to such willful violations pursuant to 29 USC §255.

73. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked in violation of 29 USC §§ 206 and 207.

74. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in the Complaint are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

75. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §216.

## SECOND CAUSE OF ACTION

### The Fair Labor Standards Act
### Failure to Pay Overtime

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants have failed to pay Plaintiff overtime wages for all of the hours worked in excess of forty (40) hours in a work week.

78. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for hours worked in excess of forty hours per workweek in violation of 29 USC §§ 206 and 207.

79. Defendants willfully violated the FLSA by failing to pay the minimum wage and/or overtime, a three (3) year statute of limitation applies to such willful violations pursuant to 29 USC §255.

80. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §216.

## THIRD CAUSE OF ACTION

### New York Labor Law
### Failure to Pay Wages

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor regulations.

83. Defendants failed to furnish with every payment of wages to Plaintiff a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §141-2.1.

Complaint-Melendez

**FOURTH CAUSE OF ACTION**

**Violation of New York Labor Law
Failure to Pay Overtime**

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff.

86. Defendant has failed to pay Plaintiff overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

87. Through its knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR 146-1.4.

88. Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in the Complaint.

89. At all times relevant, Plaintiff has been an employee of Defendant, and Defendant has been employer of Plaintiff within the meaning of the NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

90. Defendant failed to post, in a conspicuous place in their establishments, notices issued by the Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations, including but not limited to, the regulations in 12 N.Y.C.R.R. § 146-2.4.

91. Defendant failed to furnish with every payment of wages to Plaintiff a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State

Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 146-2.3.

92. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§ 198 and 652.

## FIFTH CAUSE OF ACTION
### New York Labor Law
### Retaliation

93. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94. Defendants discharged, penalized, or in any other manner discriminated against any Plaintiff because such employee has made a complaint to their employer, that the employer has violated any provision of the NYLL, or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter.

95. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §215.

## SIXTH CAUSE OF ACTION
### New York Labor Law
### Failure to Pay Spread of Hours

96. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

Complaint-Melendez

97. Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than 10 hours.

98. By Defendants' failure to pay was a willful violation of NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

99. Due to Defendants' violation of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest pursuant to **NYLL §§198 (1-a) and 663.**

## <u>SEVENTH CAUSE OF ACTION</u>
**Violation of New York Labor Law**
**Notice & Wage Statement Violations**

100.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

101.    Defendant have willfully failed to supply Plaintiff with the notice required by NYLL § 195(1), in English or in the languages identified by Plaintiff in their primary language, containing their "rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

102.    Defendant have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

103.     Due to Defendant' violations of the NYLL§ 195(1), Plaintiff is each entitled to $50 dollars for each workweek in which the violations occurred or continue to occur, or a total of $5,000.00 as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

104.     Due to Defendant' violations of the NYLL§ 195(3), Plaintiff is each entitled to recover from Defendant $250.00 for each workweek on or after April 9, 2011, on which the violations occurred or continue to occur, or a total of $5,000.00, as provided for by NYLL § 198(1)-d.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the New York Labor Law;

b.  An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid wages and overtime compensation due under the FLSA and NYLL;

d.  An award of liquidated and/or punitive damages as a result of Defendant' willful failure to pay minimum wage and overtime compensation pursuant to the FLSA and NYLL;

e.  An award of damages for notice and wage statement violations pursuant to NYLL;

f.  An award of unpaid "spread of hours" premium due under the NYLL;

g.  An award for lost compensation and front pay under the NYLL;

h.  An award of prejudgment and post judgment interest pursuant to the FLSA and NYLL;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to the FLSA and NYLL;

j.  Such other and further relief as this Court deems just and proper.

Dated: Bronx, NY
December 4, 2020

The Law Office of Delmas A. Costin, Jr., P.C.

By: _____/s_____
Delmas A. Costin, Jr., Esq.
*Attorneys for Plaintiff*
177 E. 161 Street
Bronx, NY 10451
(718) 618-0589 (O)
(347) 510-0099 (F)
dacostin@dacostinlaw.com