April 6, 2021

**Via ECF**
The Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

                                 Re: Melendez v. Pronto Gas Heating Supplies, Inc. et ano
                                 20-cv-10263-(JMF) (KNF)

Dear Judge Furman:

      The parties submit this joint letter in advance of the initial pretrial conference currently scheduled for April 20, 2021 at 3:30 PM, pursuant to court order. (Doc. No. 20). Specifically, the Court directed the parties to issue a joint letter providing their views on whether the case should be formally stayed. Plaintiff respectfully requests that the Court stay the instant civil proceeding; Defendants oppose Plaintiff's request to stay this action.

**Status of the Criminal Matter**

      On February 9, 2021, Mr. Melendez was scheduled to surrender the custody of detectives of the New York Police Department ("NYPD"). However, on February 5, 2021, Mr. Costin contacted the Office of the Bronx District Attorney (Bronx DA) to discuss the pending arrest and nature of charges. On February 9, 2021, Mr. Costin was informed by the NYPD that the arrest was not going to occur at that time, due to the Bronx DA's investigation of the criminal allegations. Since February 9, 2021, the Bronx DA's office has been in regular contact with Mr. Costin. The Bronx DA's office is currently conducting an ongoing investigation into the criminal allegations. At the conclusion of the investigation, the Bronx DA will either request the NYPD arrest Mr. Melendez or conclude that it will not prosecute Mr. Melendez. The current status of the investigation and a timeline to conclude the investigation were not disclosed.

**Plaintiff's Position**

      Mr. Melendez requests a stay in the proceedings against him. He believes that Defendants filed a criminal complaint with the NYPD in this matter in retaliation to his filing the instant civil case. Mr. Melendez denies the counterclaim allegations and asserts his innocence.

      Based on these facts, Mr. Melendez requests that the Court stay the civil proceedings until the Bronx DA completes its criminal investigation. The penalties Mr. Melendez faces are severe. Defendants falsely claim that he stole in excess of $50,000 in cash and merchandise over a period of approximately 20 months. Defendants assert that as of the filing of the amended answer, that it is was still investigating the extent of the alleged theft. (Doc. No. 25 para. 130-132) These allegations subject Mr. Melendez to prosecution pursuant to Grand Larceny in the 2nd Degree, in

The Hon. Jesse M. Furman
April 6, 2021
Page 2 of 4

violation of Penal Law §155.35, which is punishable as a Class C Felony with a maximum prison term of fifteen (15) years.

The Bronx DA's office requires a reasonable amount to time to conduct its criminal investigation and make a decision about whether the allegations should be prosecuted. The two months afforded to the Bronx DA is a relatively short period to time to conduct a criminal investigation. *Abraham v. Aquilone*, 2012 U.S. Dist. LEXIS 70205 *2-3; 2012 WL 1820869 (SDNY 2012) (staying discovery for five months due to a criminal investigation).

Mr. Melendez respectfully requests that in the interest of justice, the Court exercise discretion and stay the civil proceedings in this matter. "A district court may stay civil proceedings when related criminal proceedings are imminent or pending, and it will sometimes be prudential to do so." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). When deciding whether to stay civil proceedings pending imminent criminal proceedings, courts of this Circuit consider six factors: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest. *Id*. at 99.

Plaintiff believes that the civil proceeding should be stayed for many reasons. Mr. Melendez is concerned that he will not be able to adequately defend himself against any of the allegations of the counterclaim, as he will have to invoke the 5th Amendment during the civil litigation. The allegations of the criminal complaint are that Mr. Melendez stole in excess of $50,000.00 from Defendants. The relevant definition of larceny under New York State Law requires "intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property form an owner thereof." Penal Law §155.05. As a result, the issues raised in the counterclaim and criminal proceeding are identical and will result in parallel litigation. If the civil case is not stayed, then Mr. Melendez will be forced to choose between whether to incriminate himself or to refuse to fully participate in discovery. The New York State Court of Appeals realizes that "When a defendant fails to present evidence on his own behalf in a civil case ... but chooses instead to assert his constitutional privilege, he places himself at an obvious disadvantage. "*Steinbrecher v Wapnick* (24 NY2d 354, 365, 300 N.Y.S.2d 555, 248 N.E.2d 419 *rearg denied* 24 N.Y.2d 1038).

"A stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." *Louis Vuitton Malletier S.A.* at 96-100.

Mr. Melendez asserts that the only reason he faces criminal prosecution is because he dared to enforce his rights under the FLSA and NYLL. He respectfully requests that he not have to face the indignity and additional burden of having to simultaneously defend himself in a retaliatory criminal proceeding and a retaliatory counterclaim. Mr. Melendez initiated the criminal proceedings and will not be prejudiced by any delay in the civil proceedings. Further, the criminal

The Hon. Jesse M. Furman
April 6, 2021
Page 3 of 4

investigation is dependent on the timeliness of Defendants' investigation of the alleged criminal activity. For these reasons, Mr. Melendez requests the Court exercise its discretion and stay civil proceedings during the pendency of the criminal matter. Plaintiff requests an opportunity to file a motion to stay if it will aid the Court.

**Defendants' Position**

Defendants oppose a stay of this action — an action Plaintiff commenced with full knowledge of his multi-year scheme to embezzle thousands of dollars from Defendants. That Defendants would pursue criminal charges given the extraordinary nature and scope of Plaintiff's theft was entirely foreseeable and Plaintiff's request to stay the action should be denied.

A stay of a civil action is an "extraordinary remedy." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). "The party seeking a stay bears the burden of establishing its need." *Maldanado v. City of New York*, 17-cv-6618, 2018 U.S. Dist. LEXIS 93417 at *4 (S.D.N.Y. June 2, 2018) (citations omitted). Plaintiff fails to satisfy this burden.

Analyzing the first *Louis Vuitton* factor cited above (overlap of civil and criminal issues), Defendants' concede that the issues in the criminal case overlap with Defendants' counterclaims, but also note that this was clearly foreseeable by Plaintiff.

As to the second factor, it is significant that Plaintiff has <u>not</u> been indicted. "Courts in this district have generally refused to stay a civil proceeding where the defendant has not been indicted but is under criminal investigation." *Abraham v. Aquilone*, 11-cv-5947, 2012 U.S. Dist. LEXIS 70205 at * 2 (S.D.N.Y. May 15, 2012). Indeed, "Whether the [party requesting the stay] has been indicted has been described as <u>the most important factor</u> to be considered in the balance of factors and where the [party seeking the stay] has not yet been indicted, the factor tips strongly in [the party opposing the stay's] favor and provides sufficient grounds, standing alone, to deny the request for a stay. *Maldanado* at *4 (emphasis added).

With regard the third factor (weighing the interest of proceeding expeditiously versus prejudice of delay), Defendants should not be forced to wait until some indeterminate time to vigorously oppose Plaintiff's claims, but also seek recovery on their own counterclaims. "[B]efore an indictment has been issued against [the party seeking the stay], the potential prejudice to the [party opposing the stay] in the form of indefinitely delaying civil proceedings is great and [the party opposing the stay's] interest in proceeding expeditiously with civil litigation outweighs the risk to the [party seeking the stay's] interests. *Id.* at *6.

With regard to the fourth factor — private interests of and burden on, in this case, the plaintiff — Defendants submit that Plaintiff knew or should have known that criminal charges would be brought and his own interests should not burden Defendants and prohibit them from timely seeking redress. As to the fifth factor, the interest of the Court, Defendants submit the Court's interest in prompt resolution of civil matters warrants proceeding now. As to the final factor, public interest, we submit that public interest is also served through the prompt resolution of disputes.

The Hon. Jesse M. Furman
April 6, 2021
Page 4 of 4

      Plaintiff's argument regarding the Fifth Amendment is equally unavailing. In *Capak v. Epps*, 18-cv-4325, 2018 U.S. Dist. LEXIS 215139 (S.D.N.Y. Dec. 21, 2018), the party seeking the stay argued that if the action was not stayed, "he will be forced to choose between invoking his Fifth Amendment right against self-incrimination in the civil proceeding … and jeopardizing [his criminal case]" *Id.* at * 10. The Court denied the motion and, citing the very case Plaintiff relies on, *Luis Vuitton,* noted: "A [party seeking a stay] has no absolute <u>right</u> not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Louis Vuitton,* 676 F.3d at 99. Plaintiff also fails to mention that in *Luis Vuitton*, the Second Circuit ruled that the district court did not abuse its discretion in denying the stay. *Id.* at 104.

      The Parties thank you for your courtesy and cooperation in this matter.

By: _____/s/_____  
Delmas A. Costin, Jr., Esq.  
930 Grand Concourse, Suite 1F  
Bronx, New York 10451  
(718) 618-0589 (O)  
(347) 510-0099 (F)  
dacostin@dacostinlaw.com  

By: _____/s/_____  
Russell E. Adler, Esq.  
450 Lexington Avenue, 4th Floor  
New York, NY 10017  
(646) 504-3299 (O)  
(646) 791-1913 (F)  
russ@radlerlawpllc.com  

*Attorneys for Plaintiff*                                                   *Attorneys for Defendants*

Having reviewed this letter, the Court concludes that a stay is appropriate but is not inclined to grant an indefinite stay. Accordingly, this case is hereby STAYED through **June 7, 2021.** The parties shall file another joint letter by that date advising the Court of the status of the criminal investigation and the parties' views on appropriate next steps, including whether the stay should be lifted. If there are material developments in the criminal investigation before that date, the parties shall promptly advise the Court. The initial pretrial conference is ADJOURNED to **June 15, 2021, at 4:30 p.m.**

                        SO ORDERED.

                        April 6, 2021