UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANGEL MELENDEZ,                                    :
                                                   :
                Plaintiff,              :          20-CV-10263 (OTW)
                                                   :
                -against-              :          **OPINION & ORDER**
                                                   :
PRONTO GAS HEATING SUPPLIES INC., et al.,          :
                                                   :
                Defendants.             :
                                                   :
                                                   :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff Angel Melendez brought this action against Pronto Gas Heating Supplies Inc. and Tito Demarinis (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff alleges failure to pay overtime and retaliation. (ECF 41 at 2). Plaintiff and Defendants have reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 40). For the reasons below, the Court **APPROVES** the settlement agreement as fair and reasonable under *Cheeks*.

I.     **Background**[1]

Plaintiff states he was employed by Defendants in various capacities, including being a dispatcher and store manager, from March 2013 through August 3, 2020 (ECF 41; ECF 1, ¶ 18). His duties included, among other things, delivering heating equipment and supplies, selling

---

[1] The following facts are as alleged in Plaintiff's complaint. (*See* ECF 1).

1

merchandise to customers, opening the store, closing the store, keeping track of inventory and from time to time delivering merchandise to customers. (ECF 41 at 2). This case was filed on December 4, 2020. (ECF 41 at 2). On September 14, 2021, Magistrate Judge Kevin Fox conducted a settlement conference, which resulted in the parties reaching a settlement agreement. (ECF 41 at 3).

II.     Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

   a. Range of Recovery

The proposed settlement amount is $72,500.00. (ECF 41 at 2). Of the total settlement amount, Plaintiff would receive $48,333.33 and Plaintiff's counsel would take $24,166.67 in fees and costs. (ECF 41 at 3). Plaintiff estimates that he is owed approximately $44,200.00 in

2

back wages. (ECF 41 at 5). As such, a settlement in the amount of $48,333.33 fully addresses Plaintiff's claims for unpaid earnings, because Plaintiff will receive 109% of his owed back wages, not including any liquidated damages or penalties.[2] Plaintiff will also receive liquidated damages in the amount of $4,100.00. (ECF 41 at 5). Given the risks of litigation as noted below, the Court finds this amount reasonable. *See Minaya v. Taxi Cab Partitions, Inc.*, No. 15-CV-9079 (ER), 2016 WL 11706867, at *2 (S.D.N.Y. Dec. 6, 2016) (approving as fair settlement agreement where plaintiff would receive 100% of claimed wages, plus a small amount in liquidated damages).

    b. **Burden and Risks of Litigation**

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (ECF 41 at 5-6). Plaintiff acknowledges that litigation could result in an adverse finding resulting in Plaintiff recovering nothing, limiting Plaintiff's damages, or subjecting Plaintiff to substantial damages. (ECF 41 at 6).

    c. **Arm's Length Negotiation**

The parties represent that the settlement was a product of extensive negotiations, and there is no evidence to the contrary. (ECF 41 at 6-7).

    d. **Risk of Fraud or Collusion**

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

---

[2] (48,333.33 / 44,200 = 1.09)

**e. Additional Factors**

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The Court finds that, given the particular facts and potential damages in this case, the attorneys' fees and costs award of $24,166.67 is reasonable, and represents approximately 33% of the total award. Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorneys' fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30

and 33 1/3%"). Given these facts, the Court finds the attorneys' fee award to be reasonable.

### III.     Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable. Plaintiff will receive **$48,333.33** and Plaintiff's counsel will receive **$24,166.67** in attorneys' fees and costs.

**SO ORDERED.**


                                                                     *s/ Ona T. Wang*

Dated: November 15, 2022                          **Ona T. Wang**
      New York, New York                      United States Magistrate Judge